**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TRUSTEES OF THE BRICKLAYERS
AND ALLIED CRAFTSWORKERS,
LOCAL 5 NEW YORK RETIREMENT, : Civil Action No. 14-3199
WELFARE, LABOR MANAGEMENT
COALITION AND APPRENTICE
TRAINING AND JOURNEYMEN
UPGRADING FUNDS, AND
BRICKLAYERS AND ALLIED
CRAFTSWORKERS LOCAL 5
NEW YORK,

    Plaintiffs,      OPINION

    v.

PAT GAGLIOSTRO & SONS, LLC,
d/b/a PGS MASONRY CONTRACTORS
INC. AND DOMINICK GAGLIOSTRO,

    Defendants.

---

ARLEO, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is denied without prejudice.

### II. BACKGROUND

The Plaintiff Trustees are fiduciaries of jointly administered multi-employer labor management trust funds (the "Funds"). The Funds are established and maintained by the Bricklayers and Allied Craftsworkers, Local 5 New York (the "Union") and various Employers

pursuant to the terms of a collective bargaining agreement ("CBA") and a trust indenture. The Funds provide fringe benefits to eligible employees, retirees, and their dependents, on whose behalf Employers must contribute pursuant to the CBA.

Defendant Pat Gagliostro & Sons, LLC d/b/a PGS Masonry Contractors, Inc. ("Pat Gagliostro & Sons") is an Employer that is party to the CBA. Dominick Gagliostro is the principal of Pat Gagliostro & Sons.

Plaintiffs allege that Pat Gagliostro & Sons failed to make required contributions under the CBA for the period between July 18, 2010, and August 15, 2010. On October 11, 2012, the Plaintiff Trustees entered into a settlement agreement (the "Settlement Agreement") with both Pat Gagliostro & Sons and Dominick Gagliostro individually. (See Ex. A to Compl.). Under the Settlement Agreement, Plaintiffs were to be paid $16,717.24 and both Defendants were to execute Confessions of Judgment. Plaintiffs allege that Defendants only made partial payment and currently owe $9,110.72. Plaintiffs seek to recover that amount, along with interest, liquidated damages, court courts and disbursements, and attorneys' fees.

Plaintiffs served the Complaint on Defendants on June 10, 2014. (Dkt. Nos. 5-6). The time for Defendants to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer, move, or otherwise respond. On August 5, 2014, Plaintiffs moved for default judgment. (Dkt. No. 7). Because Plaintiffs had not yet obtained entry of default, the Clerk ordered Plaintiffs to first file requests for default. Plaintiffs filed requests for entry of default on August 27, 2014. (Dkt. Nos. 9-10). On September 4, 2014, the Clerk entered default against each Defendant. Defendants have not filed any opposition to Plaintiffs' motion for default judgment.

### III. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the Complaint to determine whether a sufficient cause of action has been pled; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### IV. ANALYSIS

Plaintiffs' Complaint contains two causes of action. First, Plaintiffs seek recovery under the Settlement Agreement, which was executed by Mr. Gagliostro, both in his individual capacity and on behalf of the company. In the second count, Plaintiffs seek to recover under the CBA, which appears to only have been executed by Mr. Galiostro on behalf of Pat Gagliostro & Sons.

In this case, Plaintiffs' motion for default judgment must be denied without prejudice for several reasons.

Initially, the Court finds that Plaintiffs have failed to demonstrate that this Court is the proper forum for litigating this dispute. In Count One, Plaintiffs seek recovery under the Settlement Agreement. The Settlement Agreement provides that, "This Agreement shall be governed by the laws of the State of New York and any legal action hereon may be brought by the Funds' [sic] at their sole option in either the Federal or State Courts in New York." (Id.). Plaintiffs have not explained why this language should be ignored and this District is the proper forum for enforcing the Settlement Agreement. Plaintiffs must address this issue in any future motion for default judgment.

As to Plaintiffs' requested relief, as noted above, Plaintiffs allege violations of both the Settlement and CBA in the Complaint. Plaintiffs, however, failed to specify under which agreement they are seeking default judgment. If Plaintiffs are seeking relief under the Settlement Agreement, that agreement provides for liquidated damages, interest, and attorney fees at specific rates, which are different from the rates used by Plaintiffs to quantify damages in their motion for default judgment. If Plaintiffs are instead seeking default judgment under the CBA, they have failed to provide the operative CBA. While a CBA is attached as an exhibit to the instant motion, this CBA has an effective date of June 2014. The unpaid contributions at issue, however, relate to work completed between July 18, 2010, and August 15, 2010. Additionally, this CBA is not signed. Plaintiffs do attach the signature page for what appears to be the CBA for the period at issue, but the remainder of this contract was not provided to the Court. This failure mandates denial of the motion. See International Union of Painters v. Cobra Constr., No. 13-7495, 2014 WL 6611160, at *2 (D.N.J. Nov. 21, 2014). Furthermore, to the extent Plaintiffs are seeking

4

default judgment against Mr. Gagliostro under the CBA, it does not appear Mr. Gagliostro executed the CBA in his individual capacity. If this is true, Plaintiffs have not explained why Mr. Gagliostro should be held individually liable for the company's breach of the CBA under a theory of piercing the corporate veil or why the penalty provisions contained in the CBA, and not the Settlement Agreement, may be used against Mr. Gagliostro. This failure warrants denial of the motion. See Marketvision/Gateway Research, Inc. v. Carter, No. 10-1537, 2012 WL 762317, at *2 (D.N.J. Mar. 6, 2012); Trustees of Local 7 Tile Indus. Welfare Fund v. Giacomelli Tile, Inc., No. 11-1846, 2012 WL 32134, at *3 (D.N.J. Jan. 5, 2012).

Furthermore, the Court notes there are even more fundamental deficiencies with Plaintiffs' attempt to prove damages. First, Plaintiffs assert in the Complaint that $9,110.72 remains unpaid under the Settlement Agreement, but this allegation alone is insufficient to prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d at 1149. No certification or other sworn statement attached to the motion for default judgment directly states that $9,110.72 remains due and owing and specifies what was paid by Defendants pursuant to the Settlement Agreement. Second, while Plaintiffs assert they are entitled to $2,000 in attorneys' fees, Plaintiffs have not actually stated that attorneys' fees in this matter have totaled $2,000 and have not explained whether they are seeking these fees under ERISA, the CBA, or the Settlement Agreement. In addition, Plaintiffs have not included any detailed explanation of what work was actually performed by counsel, counsel's hourly rates, and how much time was expended.

If Plaintiffs file another motion for default judgment in this matter, Plaintiffs **must** file a brief in support of the motion that addresses all of the legal issues identified in this Opinion. As such, Plaintiffs are not permitted, in lieu of filing a brief as required by L. Civ. R. 7.1(d)(1), to instead file a statement that no brief is necessary pursuant to L. Civ. R. 7.1(d)(4).

## V. CONCLUSION

Based upon the foregoing, Plaintiffs' motion is denied without prejudice. Plaintiffs have 30 days to either file an amended complaint or file a new motion for default judgment that complies with Federal Rule of Civil Procedure 55 and applicable precedent.[1]

An appropriate Form of Order shall issue.

Dated: January 8, 2015

/s Madeline Cox Arleo
Hon. Madeline Cox Arleo
United States District Judge

---

[1] The Court also advises counsel that, in the future, counsel should first obtain entry of default before filing a motion for default judgment. See DiPietro v. Gloucester Cnty. Sheriff's Dep't, No. 11-5878, 2012 WL 3578133, at *1 (D.N.J. Aug. 20, 2012).