**CLOSING**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST. ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

July 14, 2016

VIA ECF

## LETTER ORDER

Re: **Trustees of the Bricklayers and Allied Craftsworks, Local 5 New York Retirement, Welfare, Labor Management Coalition, and Apprentice Training and Journeymen Upgrading Funds, et al. v. Pat Gagliostro & Sons, LLC**
**Civil Action No. 14-3199**

Dear Litigants:

This matter comes before the Court on Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), Dkt. No. 33. For the reasons set forth below, the motion is **GRANTED**.

The Plaintiff Trustees are fiduciaries of jointly administered multi-employer labor management trust funds (the "Funds") as defined by ERISA. The Funds are established and maintained by the Bricklayers and Allied Craftsworkers, Local 5 New York (the "Union") and various Employers pursuant to the terms of a collective bargaining agreement ("CBA") and trust indenture. The Funds provide fringe benefits to eligible employees, retirees, and their dependents, on whose behalf Employers must contribute pursuant to the CBA. Defendant Pat Gagliostro & Sons, LLC ("Pat Gagliostro & Sons") is an Employer that is party to the CBA.

Plaintiffs allege that Pat Gagliostro & Sons failed to make required contributions under the CBA between July 18, 2010 and August 22, 2010, in violation of ERISA § 515, 29 U.S.C. § 1145 (Count 2); and breached the terms of a subsequent settlement agreement (Count 1). On June 10, 2014, Plaintiffs served a two-count complaint on Defendants. Dkt. Nos. 5-6. On August 5, 2014, Plaintiffs moved for default judgment after Defendants failed to answer, move, or otherwise respond. The Court denied the motion without prejudice. Op. Denying Mot. for Default J. at 4-5, Dkt. No. 13.

On February 5, 2015, Plaintiffs filed an amended complaint, and on July 30, 2015 default was entered against Defendant. See Dkt. No. 27. Plaintiffs moved for default judgment on November 30, 2015. Dkt. No. 33.[2]

---

[2] During the June 28, 2016 hearing, Plaintiffs agreed to withdraw Count 1 of the complaint. Count 1 is therefore dismissed.

1

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Court is satisfied that it has jurisdiction to enter default judgment and that Defendant was properly served.  Subject matter jurisdiction here is present pursuant to ERISA, 29 U.S.C. § 1132(e).  The Court also has personal jurisdiction over Defendant because its principal place of business is 85 Fairfield Road, Clifton, New Jersey.  See CBA, Dec. 23, 2015 Decl. of Kugielska, Esq. Ex. A at 35, Dkt. No. 40-1.  Finally, Plaintiffs provided proof of service of Defendant at the home address of its authorized agent.  Dkt. No. 18.

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149.  The Complaint pleads facts which, taken as true, establish Defendant's liability for violation of  ERISA § 515, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a [CBA] shall . . . make such contributions in accordance with the terms and conditions of such [CBA]." 29 U.S.C. § 1145.  Here, Plaintiffs allege that Defendant (1) is an "employer" within the meaning of ERISA, Am. Compl. ¶ 10, Dkt. No. 15; (2) entered into a CBA with the Union, id. ¶ 13; (3) was required to make monetary contributions to the Funds pursuant to the CBA, id. ¶ 14; and (4) failed to make the required contributions, id. ¶ 24.  Therefore, Plaintiffs have sufficiently alleged a cause of action for violation of 29 U.S.C. § 1145.

Prior to granting default judgment, the Court must typically make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).  However, because the Defendant has not filed any responsive pleading nor shown cause why a default judgment should not be granted, the Court need not determine the meritorious defense or whether the default was a result of willful misconduct.  Teamsters Health and Welfare Fund of Phila. & Vicinity v. H. P. Kanady, Inc., No. 12-1470, 2012 WL 3185952, at *4 (D.N.J. Aug. 2, 2012); see also Peterson v. Boyarsky Corp., No. 08-1789, 2009 WL 983123, at *4 (D.N.J. April 8, 2009).  The Court's sole consideration is whether the Plaintiffs will be prejudiced if default is denied.

Under the circumstances, Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against Defendant.  Under the CBA, Defendant agreed to pay to the Funds fringe benefit contributions and to forward dues checkoffs

for each hour worked by employees of Defendant.  To date, Defendant has not made the required contributions to the Funds and has not responded to the complaint.  Defendant has not asserted any meritorious defense to Plaintiffs' claims, nor has he offered any excusable reason for his default.  For all of these reasons, Plaintiffs will be prejudiced by the failure to enter a default judgement.

Finally, the Court determines damages.  The damages alleged in this case are sum certain.  See, e.g., Teamsters Health and Welfare Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Aug. 2, 2011).  Plaintiffs maintain that the Defendant is liable for $9,110.72 in unpaid contributions required by the CBA between July 18, 2010 and August 22, 2010, see Nov. 30, 2015 Decl. of Martini Ex. A, Dkt. No. 36-1; for $1,390.89 in interest,[3] see Nov. 30, 2015 Decl. of Kugielska, Esq. at 4-5, Dkt. No. 34; and for $5,557.54 liquidated damages pursuant to the CBA, see id.[4]  Plaintiffs provide sufficient documentation proving these damages.  Therefore, the Court will award $16,059.15 in damages.

Plaintiffs also request attorney fees and costs, which their evidence shows to be $1,250 for attorney fees and $445 for costs.  See Nov. 30, 2015 Decl. of Kugielska, Esq. at 4-5.  Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award attorneys' fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA.  Thus, the Court awards Plaintiffs attorneys' fees in the amount of $1,250 and costs in the amount of $445.

For the reasons stated above, Plaintiffs' motion for default judgment, Dkt. No. 33, is **GRANTED** and Plaintiffs are awarded a default judgment in the amount of $17,754.15.  This includes $16,059.15 in damages, $1,250 in attorneys' fees, and $445 in costs.  This case is hereby **CLOSED**.

                                      **SO ORDERED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[3] ERISA requires that interest is calculated as set forth in 26 U.S.C. § 6621.  See, e.g., Int'l Union of Painters v. Mazzco Enters., Inc., No. 13-3505, 2015 WL 7760172, at *5 (D.N.J. Dec. 1, 2015).

[4] Pursuant to the CBA, liquidated damages are set at 3% of the unpaid principal plus 1/4% for each week the principal is delinquent.  See CBA at 22.  The Court calculates 3% of $9,110.72 as $273.32.  The principal had been delinquent for 275 weeks when Plaintiffs moved for default judgment on November 30, 2015, which amounts to $6,263.62 in additional damages at the accrual rate of 1/4% of the principal per week.  Combined, these figures appear to equal liquidated damages in the total amount of $6,536.94.  However, the Court will award the lesser amount sought by Plaintiffs: $5,557.54.